James B. Lapsley, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Cary W. Jones and Mrs. Bertha M. Jones, Petitioners, *v.* Commissioner of Internal Revenue, Respondent.

Docket Nos. 102201, 102202. Promulgated July 24, 1941.

*A. F. Hillix, Esq.*, for the petitioner.
*G. W. Reardon, Esq.*, for the respondent.

1106

1108

OPINION.

MELLOTT: Respondent's claim for increased deficiencies can not be allowed. Relying solely upon the recited consideration of $100 in the deed from Kretsinger and his wife to petitioners, respondent contends that this is the measure of the loss sustained by them, and, since it is less than the allowable depreciation upon the property during the period it was held, that they sustained no loss in 1936. He also argues that the loss was sustained by petitioners in December of 1934, when they joined with R. Bryson Jones in the execution of the deed to Kretsinger. Finding has been made that Kretsinger was a mere straw man, accommodation holder of, and conduit for, the title to the property and that petitioners at all times remained the equitable owners of it. Therefore, when petitioners deeded the property to the mortgagee on April 11, 1936, they sustained a loss equal to the total amount of their investment in the property.

Respondent contends that, even if the partnership sustained a loss upon the transfer or conveyance of the real estate to the mortgagee in 1936, still such loss constitutes a capital loss and is limited, under section 117 of the Revenue Act of 1936, to $2,000, or $1,000 to each of the two partners. He cites *Helvering* v. *Hammel*, 311 U. S. 504; *Electro-Chemical Engraving Co.* v. *Commissioner*, 311 U. S. 513; *Welch* v. *Street*, 116 Fed. (2d) 953; and *Edward F. C. McLaughlin*, 43 B. T. A. 528; argues that the rule applied in those cases is applicable "whether or not there is an existing personal liability on the mortgage"; and concludes his argument with the statement that "The decision of the Board in *Commonwealth, Inc.*, 36 B. T. A. 850, which was decided in 1937, as well as the other cases relied upon by the petitioners, have in effect been reversed by the foregoing recent decisions."

The Board has not taken the view that the *Commonwealth* case was in effect reversed or overruled by the cited cases. Our view, expressed in *W. W. Hoffman*, 40 B. T. A. 459, that an ordinary loss, deductible in full, was sustained by a taxpayer who abandoned real estate subject to mortgages which he had never assumed, was recently affirmed by the Circuit Court of Appeals for the Second Circuit. *Commissioner* v. *Hoffman*, 117 Fed. (2d) 987. A similar conclusion was reached in *Warner G. Baird*, 42 B. T. A. 970, where a quitclaim deed was given, "not to relieve petitioner of a liability, but only to simplify the transfer of title." It was pointed out that as to petitioner the transaction "had no aspect of a sale or exchange", the *Commonwealth* case being cited. After the Supreme Court handed down its opinions in the *Hammel* and *Electro-Chemical* cases respondent filed a motion to vacate. In a *Memorandum Sur Decision Under Rule 50 and Denial of Motion to Vacate* subsequently published in 43 B. T. A. 415, it was said: "These opinions of the Supreme Court have been duly considered and are found to be distinguishable and to require no modification of the Board's opinion in the present proceeding." In *Bert B. Burnquist*, 44 B. T. A. 484, the petitioner "had no continuing liability" on a mortgage at the time a quitclaim deed was given to the mortgagee. We followed the *Commonwealth* case and held that, since there was no sale or exchange of a capital asset, the loss should be allowed as an ordinary loss, not limited by section 117 (d) of the Revenue Act of 1936.[1]

It is clear, under our findings, that petitioners were not obligated to make payment of the $25,000 note. They, like the petitioner in

[1] SEC. 117. CAPITAL GAINS AND LOSSES.

\* \* \* \* \* \* \*

(d) LIMITATION ON CAPITAL LOSSES.—Losses from sales or exchanges of capital assets shall be allowed only to the extent of $2,000 plus the gains from such sales or exchanges. \* \* \*

the *Commonwealth* case, made no sale or exchange of a capital asset (cf. *Rogers* v. *Commissioner*, 103 Fed. (2d) 790, affirming *Betty Rogers*, 37 B. T. A. 897), but abandoned the property to the mortgagee (*W. W. Hoffman, supra*, and *Commissioner* v. *Hoffman, supra.*) Paraphrasing the language used in *Commonwealth, Inc., supra*, "The execution of the deed marked the close of a transaction whereby petitioners abandoned their title."

Being of the opinion that the cited cases are controlling, we hold that the Commissioner erred in determining the deficiencies.

*Decision will be entered for the petitioners.*